# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE L. CROUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.:  7:16-cv-00937-MHH-SGC |
| | ) | |
| KARLA JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On November 16, 2016, the magistrate judge entered a report in which she recommended that the Court dismiss as procedurally defaulted and time-barred this 28 U.S.C. § 2254 petition for writ of habeas corpus.  (Doc. 7).  The magistrate judge advised petitioner Eddie Crout of his right to file objections within fourteen (14) days.  (Doc. 7, pp. 6-7).  On December 9, 2016, Mr. Crout filed objections to the report and recommendation, dated as signed on November 26, 2016.  (Doc. 9).[1]

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified

---

[1] On November 17, 2016, the day after the magistrate judge entered the report and recommendation, the Clerk received a letter from Mr. Crout addressed to the magistrate judge. (Doc. 8).  Although undated, it is evident from the timing of these events that Mr. Crout did not file this letter in response to the report and recommendation.  While not entirely clear, the notice appears to request an update on the status of this case.

proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Crout's objections do not address the magistrate judge's conclusions that his claims are procedurally defaulted and time-barred. Instead, the objections repeat Mr. Crout's substantive arguments regarding deficiencies in the proceedings before the state court. To the extent that the objections touch upon the issue of equitable tolling, the objections are not persuasive. Accordingly, the Court overrules Mr. Crout's objections.

Having reviewed the record in this case, including the magistrate judge's report, the Court accepts the magistrate judge's recommendation and dismisses Mr. Crout's petition because the petition is time-barred and procedurally defaulted. Pursuant to Rule 11 of the *Rules Governing Section 2254 Proceedings*, the Court declines to issue a certificate of appealability. (*See* Doc. 7, p. 6).

The Court will issue a separate order dismissing the petition as time-barred and procedurally defaulted.

**DONE** and **ORDERED** this October 31, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE